UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,       ) Magistrate Docket No.
                                )
           Plaintiff,            ) '08 MJ 0383
                                )
      v.                        ) COMPLAINT FOR VIOLATION OF:
                                )
Rogelio MILLAN-Vasquez,         ) Title 8, U.S.C., Section 1326
                                ) Deported Alien Found in the
                                ) United States
                                )
           Defendant            )
                                )

The undersigned complainant, being duly sworn, states:

On or about **February 9, 2008** within the Southern District of California, defendant, **Rogelio MILLAN-Vasquez,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James E. Bailey
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **11th DAY OF FEBRUARY 2008**

Anthony J. Battaglia
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
Rogelio MILLAN-Vasquez

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

On February 9, 2008, Border Patrol Agent D. Zbaudin was performing line watch duties in the Imperial Beach area of operations. At approximately 4:35 a.m., the dispatch center reported a seismic sensor activation in an area known as the "57 Draw". This area is approximately two miles west of the San Ysidro, California, Port of Entry and is approximately four hundred yards north of the United States/Mexico International border fence.

Agent Zbaudin responded to the area and was soon notified by the infrared scope operator of the location of an individual moving across an open field located to the east of the "57 Wash" and south of Monument Road. As Agent Zbaudin moved toward the reported location, he saw an individual running north across Monument Road. Agent Zbaudin identified himself as a U.S. Border Patrol Agent and instructed the individual to stop. The individual failed to stop and continued running across Monument Road. After a brief search of the area, Agent Zbaudin encountered an individual attempting to conceal himself in some dense brush. Agent Zbaudin immediately identified himself again and conducted an immigration inspection. The individual later identified as the defendant **Rogelio MILLAN-Vasquez**, freely admitted to being a citizen and national of Mexico illegally present in the United States. At approximately 4:55 a.m., Agent Zbaudin arrested the defendant and transported him to the Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on or about **October 9, 2007** through **San Ysidro, California**. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney present. The defendant admitted that he is a citizen and national of Mexico illegally present in the United States. The defendant further admitted that he had been previously deported from the United States and has not applied or requested permission to re-enter the United States legally.

**Executed on February 10, 2008 at 9:30 a.m.**

Terri L. Dimolios
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 1 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on February 9, 2008, in violation of Title 8, United States Code, Section 1326.

Anthony J. Battaglia
United States Magistrate Judge

Date/Time 2/10/08 1030am